UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS J. RODRIGUE | CIVIL ACTION |
| VERSUS | NO. 15-5488 C/W 16-2240 |
| WOOD GROUP PSN, INC., ET AL. | SECTION A(5) |

## ORDER AND REASONS

The following motions are before the Court: **Motion for Summary Judgment (Rec. Doc. 39)** filed by defendant Texas Petroleum Investment Co. ("TPIC" or "Defendant"). TPIC has also filed two **Motions in Limine (Rec. Docs. 36 & 37)**. Plaintiff Thomas J. Rodrigue has filed two **Motions in Limine (Rec. Docs. 38 & 43)**. All motions are opposed. The motions, submitted to the Court on August 24, 2016 and September 7, 2016, are before the Court on the briefs without oral argument.

This action arises out of a March 19, 2015 incident aboard Defendant's vessel the M/V TILLERY. Plaintiff Thomas Rodrigue was working aboard the vessel on navigable waters when he fell through a grating that gave way on the TILLERY's deck. Plaintiff alleges significant personal injuries as a result of the incident. Plaintiff has sued Defendant herein under the Jones Act and general maritime law (unseaworthiness). Alternatively, if Plaintiff is determined not to be a Jones Act seaman, he alleges a cause of action against TPIC for vessel negligence via § 905(b) of the LHWCA.

TPIC filed a limitation complaint on March 15, 2016, which the Court consolidated with Rodrigue's action. (Rec. Doc. 15, Consolidation Order). Trial on the consolidated cases was set for October 11, 2016. (Rec. Doc. 12, Scheduling Order).

On August 29, 2016, the parties participated in a settlement conference before the assigned magistrate judge. (Rec. Doc. 61, Minute Entry). The case did not settle. On September 7, 2016, the Court granted the parties' joint motion to continue trial. (Rec. Doc. 64, Order Granting Joint Motion to Continue Trial). In that motion counsel explained that they were working together to amicably resolve this matter, and that a short continuance of the trial date for about six months would help them in that endeavor. (Rec. Doc. 62, Joint Motion to Continue Trial). The Court has scheduled a status conference with counsel for October 20, 2016 (Rec. Doc. 64).

### *TPIC's Motion for Summary Judgment (Rec. Doc. 39)*

TPIC moves for summary judgment on several bases. First, TPIC argues that Rodrigue was not a Jones Act seaman because he did not have a connection to a vessel that was substantial in nature because the TILLERY was used solely for transportation purposes.[1] Without status as a seaman, TPIC contends that Plaintiff has no cause of action for unseaworthiness. Second, as to the alternative vessel negligence claim, TPIC argues that it breached none of the duties recognized by *Scindia Steam Navigation Co. v. Santos*, 451 U.S. 156 (1981).

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v.*

---

[1] To determine if an individual worker is a seaman, and therefore entitled to the protections of the Jones Act, the Supreme Court has established a two-prong test. First, the employee's duties must contribute to the function of the vessel or to the accomplishment of its mission. *Becker v. Tidewater, Inc.*, 335 F.3d 376, 387 (5th Cir. 2003) (quoting *Chandris, Inc. v. Latsis*, 515 U.S. 347, 368 (1995)). Second, the employee must have a connection to a vessel in navigation that is substantial in terms of both duration and nature. *Id.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

Plaintiff's primary job duties consisted of pumping oil from fixed tank batteries (inland fixed platforms) onto barges. When Plaintiff was not pumping oil from tank batteries to barges, he would travel to individual well heads to collect data.

According to Plaintiff's undisputed testimony, the TILLERY was used as a means of transportation to access the wells that Plaintiff serviced. He had to use boats to access the tank batteries and well heads. Plaintiff sometimes operated the TILLERY, which was used by various TPIC employees to move around the Golden Meadow oil field. On the day of Plaintiff's alleged accident he was operating the TILLERY.

The Court begins by working backwards from Plaintiff's final argument in opposition to summary judgment: Plaintiff points out that even if all of his employment-related claims were dismissed he would still have a basic tort action under general maritime law against TPIC for

being injured on one of its vessels while on navigable waters.[2] Thus, TPIC's motion would not be dispositive of the complaint even if granted on all points. (Rec. Doc. 46, Opposition at 12). TPIC rebuts this contention by arguing that under the facts it was not negligent and that Plaintiff was the negligent one for being injured by an open and obvious condition. (Rec. Doc. 54, Reply at 10).

The Court is persuaded that the material facts are not as clear cut as TPIC portrays them and that TPIC is not entitled to judgment as a matter of law on the issue of liability. Having made this determination the Court likewise will not grant summary judgment on the Jones Act claim because seaman status cannot be determined in favor of Defendant as a matter of law. The jury must make that determination. The case does present a close call but it gives the Court pause that Plaintiff had a clear connection of significant duration to a specific vessel, that he performed work on that vessel as part of his job duties including piloting the vessel, and that his injury occurred while performing work on the vessel. In other words, Plaintiff succumbed to a sea-based peril unlike the worker in *Munguia v. Chevron Co.*, 768 F.2d 649, 651 (5th Cir. 1989), who was injured on land by a faulty well valve. No one fact is dispositive and the jury may properly decide that Plaintiff was not a seaman but the Court will not take that determination from the jury. Because summary judgment will be denied as to the Jones Act claim, it follows that summary judgment must be denied as to the unseaworthiness claim.

---

[2] TPIC did not take issue with this assertion which surprised the Court because the Court had understood TPIC to be Plaintiff's employer since TPIC was defending the Jones Act claim and since Plaintiff has moved to dismiss Wood Group as a party to the case. (Rec. Doc. 17). Yet Defendant's statement of material facts states that Wood Group was Plaintiff's employer. Neither party has articulated the relationship between Wood Group and TPIC.

As for Plaintiff's alternative § 905(b) vessel negligence claim, the Court agrees that the duty to intervene is not implicated under the facts and will grant summary judgment as to that claim. Summary judgment will be denied as to the turnover duty claim.

In sum, the motion for summary judgment is GRANTED IN PART AND DENIED IN PART as explained above.

### TPIC's Motion in Limine re Jamison (Rec. Doc. 36)

Defendant moves to exclude Plaintiff's liability expert, Captain James P. Jamison, urging a basis to challenge each of the witness's opinions separately. The motion is DENIED because the jury will be in the best position to determine whether Captain Jamison has expressed opinions that are contrary to the evidence, unreliable in light of the evidence and analysis offered, or wholly irrelevant. Defendant will be given wide latitude on cross examination to challenge the expert on the noted deficiencies. The motion is GRANTED insofar as Captain Jamison will not be allowed to opine as to the extent of Plaintiff's injuries.[3]

### TPIC's Motion in Limine re Wolfson (Rec. Doc. 37)

Defendant moves to exclude Plaintiff's economic expert, Dr. Shael Wolfson, arguing that his opinions are not based on the facts of the case, and that his conclusions are based on speculation not sufficiently tied to the facts of the case. As with Plaintiff's liability expert, the Court is persuaded that vigorous cross examination is the best solution to address the challenges that Defendant makes to the expert's conclusions. Regarding the issue with retirement and medical benefits possibly being duplicative, the Court suggests that the parties endeavor to reach a stipulation as to this point. The motion is DENIED in all other respects.

---

[3] In reading the expert's report, the Court interpreted his references to Plaintiff's injuries as background information only and not as an attempt to opine on Plaintiff's physical condition.

### *Rodrigue's Motion in Limine re Cenac (Rec. Doc. 38)*

Rodrigue moves the Court to exclude certain aspects of Defendant's medical expert, Dr. Christopher Cenac's, report. Rodrigue complains that Dr. Cenac improperly opined about his credibility and truthfulness, and expressed opinions concerning substance abuse that are outside of his area of expertise.[4]

The motion is DENIED as to Cenac's conclusions regarding credibility and truthfulness because those conclusions are based on the physician's first-hand observations of Plaintiff's physical condition (including conducting his own surveillance of Plaintiff in the parking lot as Plaintiff entered his vehicle) and examination of him, when compared to Plaintiff's complaints and medical history. Defendant can certainly ask Dr. Cenac if he found Plaintiff to be credible and truthful with him during the examination, and if Cenac answers in the negative he can explain why he found Plaintiff to be less than forthcoming. But Dr. Cenac will not be allowed to characterize Plaintiff generally as an untruthful or dishonest person.

The motion is GRANTED as to Dr. Cenac's gratuitous characterization of Plaintiff as engaging in long standing substance abuse and drug seeking behavior. Nothing suggests that that Plaintiff obtained his prescription medications by artifice or that he was abusing them. Moreover, there has been no suggestion that Plaintiff's use of certain prescription medications contributed to his accident with the faulty grate on the vessel's deck.

That said, if those prescription pain medications were prescribed for low back pain prior to March 19, 2015, then their use is certainly relevant and will be admissible. The Court has seen nothing thus far to indicate why Plaintiff was taking prescription pain medication, and whether

---

[4] Plaintiff also challenged Dr. Cenac's references to past lawsuits and litigation. The Court has granted Plaintiff's separate motion in limine on this issue.

those pain medications were related to complaints of low back pain. Either way, characterizing Plaintiff as a substance abuser is unfairly prejudicial and wholly unnecessary to whatever legitimate use Defendant can make of the pre-injury pain medications.

### Rodrigue's Motion in Limine re Past Claims/Lawsuits (Rec. Doc. 43)

Rodrigue moves the Court to exclude any evidence of past claims and lawsuits. Rodrigue points out that Defendant's medical expert, Dr. Cenac, spent most of his examination time questioning him about past lawsuits, including obtaining information about how much money Rodrigue received in settlement. According to Rodrigue, Cenac then included the information about past lawsuits in his report. Rodrigue argues that his past claims have nothing to do with this case and Defendant is attempting to interject this evidence into this case solely to prejudice him.

Defendant argues that evidence or prior claims and lawsuits is relevant to Plaintiff's credibility and causation as to the injuries claimed in this case. Defendant points out that several of Plaintiff's prior accidents involved injuries to the same part of his body for which he now seeks to recover.

The Court agrees that medical history pertaining to injuries to the same part of Rodrigue's body that he now claims to be injured *may* be relevant.[5] But evidence of prior litigation pertaining to those injuries is not relevant to causation nor necessary to ensure that Plaintiff only recovers in this case for injuries caused by Defendant's acts or omissions. Defendant's arguments in opposition belie its assertion that it is not attempting to use the prior lawsuits to cast Rodrigue as a career litigant and diminish his character to the jury. The motion is GRANTED in that Defendant

---

[5] The Court notes that even as to prior injuries to the same body party the history suggests that those injuries were resolved and asymptomatic. Prior injuries are not a defense if Plaintiff was asymptomatic and this incident served to aggravate a pre-existing condition.

will not be allowed to refer to prior lawsuits and litigation. Defendant shall instruct its witnesses accordingly. Relevant medical history associated with those incidents may be admissible.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 39)** filed by defendant Texas Petroleum Investment Co.  Co. is **GRANTED IN PART AND DENIED IN PART** as explained above;

**IT IS FURTHER ORDERED** that the **Motions in Limine (Rec. Docs. 36, 37, 38 & 43)** are **GRANTED IN PART AND DENIED IN PART** as explained above.

September 27, 2016

---
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE